# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK W. FORTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 16-0765-CV-W-GAF-P |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
## AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Eastern Reception, Diagnostic

and Correctional Center in Bonne Terre, Missouri has filed *pro se* this federal petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction and 2012

sentence for first-degree assault on a law enforcement officer, which were entered in the Circuit

Court of Jackson County, Missouri, pursuant to a plea of guilty. Petitioner's motion for post-

conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied after an evidentiary hearing

(Doc. 7-2, pp. 117-21) and that denial was affirmed on appeal therefrom (Doc. 7-5).

## Statement of Facts

In affirming the denial of post-conviction relief, the Missouri Court of Appeals, Western

District, set forth the following facts:

> In August 2009, the State charged Forte with first-degree assault of a law
> enforcement officer (§ 565.081, RSMo Cum. Supp. 2009) and armed criminal action
> (§ 571.015, RSMo 2000). On October 31, 2011, Forte appeared before the circuit
> court and entered an *Alford* plea to first-degree assault of a law enforcement officer in
> exchange for the State's dismissal of the armed criminal action count.

> Forte testified at the plea hearing that, early in the morning on August 9,
> 2009, he was walking to a park at 67th and Paseo in Kansas City. He remembered
> that he was carrying a gun and had been smoking PCP and marijuana and drinking
> alcohol. When Forte got to the park, he found two of his friends. After his friends

left, Forte sat down on a bench and passed out. He did not regain consciousness until he awoke in a hospital. He had been shot four times.

Forte stated that he did not remember anything else from that night. He was aware, however, that two Kansas City police officers would testify that they found him in the park and that, when one of them approached and identified himself as a police officer, Forte raised a gun and fired a shot in the officer's direction. Forte understood that the officers would testify that he ran from them and would not stop or drop the gun when they ordered him to do so, that they pursued him, and that they shot numerous rounds at him, hitting him four times.

Forte understood that the State had agreed to dismiss the armed criminal action charge if he pleaded guilty. He was aware that there was no agreement as to sentencing and that the judge ultimately would decide his sentence. Forte stated that he fully understood the charges against him. He was aware of a possible life sentence on the armed criminal action charge, with no chance of probation, and he knew that the assault charge could result in ten to thirty years or life and that, if denied probation, he would have to serve 85% of that sentence.

Forte confirmed that he had sufficient time to consult with counsel before entering his plea. He verified that counsel had explained the evidence against him. He did not have any further questions about the evidence. Forte knew that his case was set for trial that day and that the State was prepared to call the two police officers to testify against him. Forte told the court that he believed his attorney had done a good job for him and that he had no complaints. He stated that he was entering an *Alford* plea because he believed that it was in his best interest and that he was likely to be found guilty if he went to trial.

The court accepted Forte's *Alford* plea, finding him guilty of assault of a law enforcement officer. At the sentencing hearing, the State argued for a sentence that would "keep [Forte] out of our society for a very long time[.]" Plea counsel sought leniency and asked for probation with a lengthy sentence as backup. The court denied probation and sentenced Forte to eighteen years.

Doc. 7-5, pp. 4-6 (footnote omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. §

2

2254(e)(1).[1]  Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## Discussion

Petitioner raises the following grounds for relief: (1) plea counsel was ineffective for misleading Petitioner as to the likelihood that he would receive probation; and (2) plea counsel was ineffective for failing to communicate with and advise Petitioner and conduct an adequate investigation. Doc. 1, pp. 6-11. Respondent argues that both grounds are without merit. Doc. 7.

In order for Petitioner to successfully assert a claim for ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert.*

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*denied*, 530 U.S. 1265 (2000).

Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73 (1977). Pursuant to 28 U.S.C. § 2254(e)(1), state court factual determinations are presumed to be correct, and this statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting *Blackledge*, 431 U.S. at 71).

The Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Ground 1 as follows:

> In rejecting this claim, the circuit court explained that the issue is whether Forte's belief that he was assured of probation was reasonable. . . . . The circuit court found that:
>
>> The record here shows that the Movant had no reason to believe that he would receive probation by pleading. Plea Counsel . . . carefully explained to Movant that he was not being guaranteed probation by this plea. He explained the parameters of the plea deal, including the dismissal of Count II, armed criminal action, in detail to Movant. Movant verbalized [his] understanding that going forward with the plea deal was better than going to trial.
>>
>> Movant's counsel clearly stated that he would ask for leniency and ask for probation, but made very clear to Movant that he did not know what the judge would do and emphasized the seriousness of the charges.
>
> These findings are fully supported by the record. At the plea hearing, Forte agreed that he understood the range of punishment for the crimes charged. He also stated that he understood that plea counsel would argue for a lenient sentence but that counsel could not predict what the sentence would be. Forte agreed that he likely would be found guilty if he went to trial and that the plea agreement was his best option. At the evidentiary hearing, plea counsel testified that he did not tell Forte that he would receive probation or any other specific sentence. Counsel explicitly stated that he did *not* promise probation to Forte. Forte also admitted at the evidentiary hearing that plea counsel did not promise him probation.

4

Forte failed to carry his burden of proving that plea counsel's advice that he had a "good chance" to get probation rendered his plea involuntary and unknowing. . . . . The evidence was clear that Forte had not been promised probation, and, due to the severity of the charges and the strength of the State's witnesses, it would have been unreasonable for Forte to believe that he was assured of probation. Thus, Forte fails to establish that the circuit court erred in finding no ineffective assistance of counsel as to this claim. Point I is denied.

Doc. 7-5, pp. 7-8 (alterations added, alterations to circuit court opinion in original).

The Missouri Court of Appeals, Western District, denied Ground 2 as follows:

At the plea hearing, Forte stated that plea counsel had explained the evidence to him, and he repeatedly agreed that they had had adequate time to talk. He agreed that he wanted to plead guilty because the evidence against him was strong and because he believed that he probably would be found guilty at trial. Plea counsel testified at the evidentiary hearing that he met with Forte five or six times, which he felt was sufficient time to discuss the case. Counsel testified that he often meets with clients, including Forte, in the jury room at the courthouse. He also stated that, while he did not remember whether he gave Forte a copy of the discovery, he would have given him a copy if Forte had wanted one. Counsel testified that he had discussed the evidence and any possible defenses with Forte and that they talked about the likelihood of prevailing at trial.

. . . .

Here, plea counsel testified that he reviewed all of the discovery in Forte's case and that he spoke with both police officers involved in the shooting. He did not obtain a ballistics expert because he did not believe that there were material issues regarding bullet trajectories. The circuit court was free to accept counsel's testimony about the extent of his investigation, and we defer to that court's credibility determinations. *Wills*, 321 S.W.3d at 380. In light of this, we cannot conclude that the court erred in finding that plea counsel adequately investigated the case and reasonably concluded that pleading guilty was the best strategy. Based on the foregoing, Forte fails to establish that the circuit court erred in finding no ineffective assistance of counsel as to this claim. Point II also is denied.

Doc. 7-5, pp. 8-11 (alteration added).

In holding that Petitioner's claims of ineffective assistance of plea counsel in Grounds 1 and 2 did not merit post-conviction relief, the state appellate court identified and applied reasonably the appropriate standards. Petitioner fails to establish that it was unreasonable for the state appellate court to find that plea counsel's performance was not deficient. Insofar as Petitioner argues that the state courts erred in their credibility determinations, credibility determinations are left for the state

5

court to decide. *Graham*, 728 F.2d at 1540; *see also Blackledge*, 431 U.S. at 71, 73.

Because the state courts' determinations as to Grounds 1 and 2 did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Grounds 1 and 2 will be denied.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, Petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed.

/s/ Gary A. Fenner_____
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: September 16, 2016.

6